McCA'LEB, Justice
 

 (concurring in part and dissenting in part).
 

 I am in agreement with the decision in cases Nos. 38,028, 38,029 and 38,030 and the reasoning upon which it is founded, with the exeception of the view that Section VII of Rule 58 of the Rules of the Supreme Court of Illinois, relied upon by Caplow, discloses that the Supreme Court of Illinois has adopted a rule of reciprocity which permits a Louisiana attorney "to appear
 
 alone
 
 as an attorney in all courts of record”, in Illinois “without being required to be admitted to practice * * * and without being required to associate with himself some attorney admitted to practice” in Illinois, in conformity with the second paragraph of Section
 
 7
 
 of Act No. 202 of 1932. (Italics mine.) The mere fact that the Illinois rule provides that the permission to participate is within the discretion of the Illinois courts is sufficient to demonstrate that it is not a rule of reciprocity comparable to that set forth in Section 7 of Act No. 202 of 1932. But, aside from this, there are other cogent reasons why the Illinois rule does not give Caplow the privilege of practicing law in Louisiana, except in association with Louisiana lawyers.
 

 The word “participate” is defined by Webster’s Dictionary as “To have a share
 
 *1066
 
 in common with others; to take part; to partake; share, as to participate in a debate”. And, in Black’s Law Dictionary, “To receive or have a part or share of; to partake of; experience in common with others; to have or enjoy a part or share in common with others; * * *
 

 The Illinois rule in permitting an attorney from a foreign state to “participate before such court in the trial or argument” contemplates, in my opinion, that the foreign attorney must appear in association with a duly qualified Illinois lawyer. It will be noted that the word “participate” is used in connection with the trial or argument of the lawsuit. This connotes, to my mind, an association with another lawyer.
 

 But, even if I am mistaken in this view, the wording of the Illinois rule is at best of doubtful meaning. Hence, in the absence of an interpretation by the courts of Illinois, we should hesitate to assume that it conforms to the reciprocity provisions of our statute. The burden was upon Caplow (not upon Bullís) to show that Illinois permits Louisiana lawyers to practice in that state without associating local counsel. The rule relied on does not, of itself, sustain the contention. See paragraph 3 of Section
 
 7
 
 of Act No. 202 of 1932.
 

 I,therefore, concur in cases Nos. 38,028, 38,029 and 38,030. In case No. 38,360 I dissent from that portion of the decision, affirming the judgment sustaining the exception of no cause of action, on the ground that Caplow is not entitled to practice law in Louisiana. In all other respects, I approve the decision.